No. 9097.

THE STATE EX REL. H. J. RIVET VS. H. L. LAZARUS, JUDGE OF CIVIL DISTRICT COURT, DIVISION E.

The question of the constitutionality or legality of the interest imposed by the Legislature upon delinquent municipal taxes. does not involve the legality or constitutionality of the tax; nor is it a penalty imposed by a municipal corporation, being imposed, even if a penalty, within the meaning of the Constitution, by the Legislature of the State.

The case does not, therefore. fall within our appellate jurisdiction.

APPLICATION for Mandamus.

*F. D. Chrétien* for the Relator.

*Chas. F. Buck* for the Respondent.

The opinion of the Court was delivered by

FENNER, J.    Relator, owing the city of New Orleans taxes to the amount of one hundred and twenty dollars, for the year 1883, tendered that amount, acceptance of which was refused by the city, without payment of *ten per cent* interest from the date when said tax became delinquent, under the terms of Act of the General Assembly, No. 109, of 1882.    Thereupon, he applied to the Civil District Court for a mandamus ordering and compelling the city to receive the said principal sum, in full satisfaction.

After due trial, judgment was rendered refusing the mandamus. From that judgment, he applied for an appeal to this Court, which was refused.

The present application is for a mandamus ordering the respondent judge to grant the appeal.

His right depends upon the question whether his case falls within our appellate jurisdiction.    Of course, the amount in dispute, of itself, is insufficient.

He claims, however, that his case is appealable under Art. 81 of the Constitution, on two grounds:

1. That it envolves "the constitutionality or legality of a tax imposed by a municipal corporation." We find no contestation to the constitutionality or legality of the *tax*. On the contrary, relator admits that it is due and offers to pay it. · The only question is as to the interest.

The Legislature of the State has clear power to fix the rate of interest upon taxes as well as upon other debts and to determine when it shall begin to run, and the constitutionality of such a law does not involve the constitutionality of a "tax imposed by a municipal corporation." Gillis vs. Clayton, 33 A. 286; 9 A. 64, 305; 4 A. 83, 407; 1 A. 385.

2. He claims that the case involves "the constitutionality of a *penalty* imposed by a municipal corporation."

It seems almost needless to say that interest is not a *penalty* of the kind referred to by the Constitution. But, if it were, it is imposed not by the municipal corporation, but by the State Legislature.

The mandamus is denied, at relator's cost.